**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**


JEROME MCKNIGHT                          *
1033 Drew Street
Rocky Mount, NC 27801                     *

    And                                  *

BRITTANY JOHNSON                          *        CIVIL ACTION NO: 16-1100
1033 Drew Street
Rocky Mount, NC, 27801                    *        JURY DEMAND

    And                                  *

DOROTHY JOHNSON                           *
1033 Drew Street
Rocky Mount, NC 27801                     *

      Plaintiffs,                     *

    v.                                   *

DORCHESTER COUNTY SHERIFF'S               *
DEPARTMENT
829 Fieldcrest Road                       *
Cambridge, MD 21613
                                          *
    And                                  *

SHERIFF ROBERT LARIMORE
Individually and in his official capacity *
829 Fieldcrest Road
Cambridge, MD 21613                       *


    And                                  *

COUNTY COUNCIL OF                         *
DORCHESTER COUNTY
501 Court Lane                            *
Cambridge, MD 21613
                                          *
      Defendants.

1

                                                                           \*

                          \*

                          \*

Serve on:       Jeremy Goldman

                  County Manager       \*

                  County Office Building

                  501 Court Lane        \*

                  Cambridge, MD 21613

                                              \*

        Defendants.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now come the Plaintiffs, JEROME MCKNIGHT ("Plaintiff McKnight"), BRITTANY JOHNSON ("Plaintiff Brittany"), and DOROTHY JOHNSON ("Plaintiff Dorothy"), by and through their attorneys, Jason Perash, Esquire, and Joshua Ortega, Esquire, and file this Complaint against the Dorchester County Sheriff's Department, Deputy ROBERT LARIMORE, and the County Council of Dorchester County, and in support thereof states as follows:

### INTRODUCTION

This case arises out of an assault and unlawful seizure of Plaintiffs by Defendant Robert Larimore on September 26, 2014. Plaintiff McKnight was the driver of a vehicle carrying Plaintiffs Brittany and Dorothy when they were involved in a minor traffic collision. Defendant Larimore was the driver of the other vehicle involved in the minor traffic collision. Both vehicles involved in the collision came to an immediate stop. Defendant Larimore, in plain-clothes, exited his private vehicle and immediately approached the Plaintiffs who were still seated in their vehicle. Without provocation Defendant Larimore produced a black firearm, which he pointed directly at the Plaintiffs. Defendant Larimore immediately commanded Plaintiff McKnight produce his driver's license. With no apparent means of escape, the Plaintiffs feared for their lives from

Defendant Larimore and his firearm.  Scared for his safety, and that of his passengers, Plaintiff McKnight stated that he was going to call the police.  Defendant Larimore then responded, "I *am* the police!"  Soon thereafter, Officer Frank Jones, ID 0322 ("Officer Jones"), arrived on scene. Officer Jones confirmed that Defendant Larimore was in fact a law enforcement officer, employed by the Dorchester County Sheriff's Department.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction in this case pursuant to 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1343.

2.      Venue in this District Court is proper under 28 U.S.C. § 1391 because the incidents which give rise to this proceeding occurred in and from the State of Maryland.

## PARTIES

3.      Plaintiff JEROME McKNIGHT is a twenty-seven (27) year-old Black male. Plaintiff Brittany Johnson is a twenty-four (24) year-old Black female. Plaintiff Dorothy Johnson Is a forty (40) year-old Black female. They reside at 1033 Drew Street; Rocky Mount, North Carolina.

4.      Dorchester County Sheriff ROBERT LARIMORE (hereinafter "Defendant LARIMORE"), at all times mentioned herein, was an employee of the Dorchester County Sheriff's Department located at 829 Fieldcrest Road, and was acting within the scope of his employment, and advancing the business of the Dorchester County Sheriff's Department during the times of the incident described herein.

3

**FACTS COMMON TO ALL COUNTS**

5.      On September 26, 2014, Plaintiff JEROME McKNIGHT was driving his vehicle with two passengers, BRITTANY JOHNSON and DOROTHY JOHNSON.

6.      They were driving westbound on Henry Street approaching the Dorchester Avenue intersection.

7.      The intersection at Dorchester Avenue and Henry Street is controlled by stop signs. Vehicles on Henry Street must stop before crossing Dorchester Avenue.

8.      A pickup truck was traveling southbound on Dorchester Avenue, approaching the Henry Street intersection.

9.      PLAINTIFF McKNIGHT failed to properly stop at the stop sign, causing a minor collision between his car and the pickup truck.  Both vehicles came to an immediate stop.

10.      The plain-clothed driver of the pickup truck, later found to be DEFENDANT LARIMORE, immediately exited his vehicle and walked directly towards the car driven by PLAINTIFF McKNIGHT.

11.      At no point did any of the Plaintiffs attempt to exit their vehicle.

12.      At no point did the Plaintiffs' vehicle move after the collision.

13.      At no point did Plaintiffs pose a threat to DEFENDANT LARIMORE.

14.      As he approached the Plaintiffs' vehicle, DEFENDANT LARIMORE removed a concealed black firearm and aimed it directly at PLAINTIFF McKNIGHT'S face.

15.      DEFENDANT LARIMORE commanded, "Give me your fucking license!"

16.      PLAINTIFF McKNIGHT, still in shock from the collision, realized that a much bigger problem had presented itself: he may die from a gunshot at point-blank range.  Mr.

4

McKnightHe was terrifiedfeared that he was going to die when this man dressed in civilian clothing, and driving a personal vehicle, pointed a firearm directly at him.

17.    DEFENDANTS BRITTANY JOHNSON and DOROTHY JOHNSON, equally shocked, feared that they were going to die at the hands of a person enraged over a minor traffic incident.  All three passengers in PLAINTIFF McKNIGHT's vehicle sat paralyzed, in an enclosed area, with no instant means of escape, afraid that the gunman would kill them if they attempted to flee for their lives.

18.    In an attempt to remain calm, and to dissuade this unknown individual from shooting them, PLAINTIFF McKNIGHT stated that he was calling the police.

19.    The gunman (DEFENDANT LARIMORE) responded, "I *am* the police."

20.    Soon thereafter, Officer Frank Jones, ID 0322, appeared on scene.  PLAINTIFF McKNIGHT told Officer Jones about the collision, and reported that DEFENDANT LARIMORE pointed a firearm at himself and his passengers.  Officer Jones informed PLAINTIFF McKNIGHT that DEFENDANT LARIMORE is a "cop."

21.    Instead of arresting DEFENDANT LARIMORE for assault in the first degree, Officer Jones wrote five traffic citations to PLAINTIFF McKNIGHT, four of which have been dismissed.

22.    Neither PLAINTIFF McKNIGHT, BRITTANY JOHNSON, nor DOROTHY JOHNSON have ever had a gun pointed at them before.

23.    All three occupants feared for their lives when DEFENDANT LARIMORE, without provocation or justification, threatened their lives with a firearm.

24.    All three occupants suffered great terror, humiliation, indignity, anxiety, stress, were held up to scorn and ridicule, were publicly treated like criminals, were forced to endure

emotional and mental suffering; and were confined and deprived of their personal liberty.

25.     DEFENDANT LARIMORE, though not on duty, acted under color of law when he stated, "I *am* the police."

26.     Officer Jones validated this when he stated to PLAINTIFF McKNIGHT that the gunman is indeed a "cop."

27.     Officer Jones validated, supported, and encouraged DEFENDANT LARIMORE'S assaultive behavior by failing to properly charge DEFENDANT LARIMORE, and instead cited PLAINTIFF MCKNIGHT for alleged traffic violations.

28.     Although DEFENDANT LARIMORE was a deputy Sheriff at the time of the incident, he was not justified in assaulting PLAINTIFF McKNIGHT, BRITTANY JOHNSON, nor DOROTHY JOHNSON because of a minor traffic collision.

29.     DEFENDANT LARIMORE's actions were dangerous, life-threatening, and represent excessive use of force by an off-duty Sheriff's deputy.

## COUNT I – ASSAULT

30.     Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 29 of this Complaint.

31.     Plaintiffs assert that DEFENDANT LARIMORE intentionally committed acts and made threats that put Plaintiff in immediate fear and apprehension of being harmfully or offensively touched.

32.     DEFENDANT LARIMORE acted with actual and/or apparent present ability to harmfully or offensively touch Plaintiffs.

33.     DEFENDANT LARIMORE'S actions caused Plaintiffs to be put in reasonable apprehension of being harmfully or offensively touched.

34.    The conduct of DEFENDANT LARIMORE was without legal justification and was improperly motivated by ill will and actual malice.  As a result of these intentional and malicious acts of DEFENDANT LARIMORE, Plaintiffs sustained humiliation, injury, inconvenience, and embarrassment for the totality of events that he was forced to endure.

WHEREFORE, Plaintiffs claims Three Hundred Thousand Dollars ($300,000.00) compensatory damages, both economic and non-economic, and One Million Dollars ($1,000,000.00) in punitive damages from the Defendants, jointly and severally, and such other and further relief to which Plaintiff may be entitled.

## COUNT II – FALSE ARREST

35.    Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 34 of this Complaint.

36.    Plaintiffs did not commit a criminal act while in DEFENDANT LARIMORE'S presence.

37.    Nonetheless, DEFENDANT LARIMORE detained Plaintiffs without legal justification and without probable cause.

WHEREFORE, Plaintiffs claims Three Hundred Thousand Dollars ($300,000.00) compensatory damages, and One Million ($1,000,000.00) in punitive damages from the Defendants, jointly and severally, and such other and further relief to which Plaintiffs may be entitled.

## COUNT III – FALSE IMPRISONMENT

38.    Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 37 of this Complaint.

39.     DEFENDANT LARIMORE detained Plaintiffs against their will and in violation of their civil rights by offering them no reasonable means of escape.

40.     Plaintiffs committed no criminal act and were falsely imprisoned without justification and against their consent.

WHEREFORE, Plaintiffs claims Three Hundred Thousand Dollars ($300,000.00) compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages from the Defendants, jointly and severally, and such other and further relief to which Plaintiffs may be entitled.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.     Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 40 of this Complaint.

42.     The above-stated conduct of DEFENDANT LARIMORE was intentional, reckless, and in deliberate disregard of a high degree of probability that emotional distress would result to the Plaintiffs.

43.     Said conduct on the part of DEFENDANT LARIMORE was extreme and outrageous, and beyond the bounds of decency in society.

44.     The aforesaid conduct on the part of DEFENDANT LARIMORE was malicious, willful, and intentional.

45.     As a direct result of the aforesaid conduct and actions, the Plaintiffs have suffered and will continue to suffer severe and extreme emotional distress.

WHEREFORE, Plaintiff claims Three Hundred Thousand Dollars ($300,000.00) compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages from the

Defendants, jointly and severally, and such other and further relief to which Plaintiff may be entitled.

## COUNT V – GROSS NEGLIGENCE

46.     Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 45 of this Complaint.

47.     Plaintiffs state that DEFENDANT LARIMORE engaged in intentional, willful and wanton misconduct with a reckless disregard for human life or the rights of the Plaintiffs.

48.     DEFENDANT LARIMORE intentionally placed Plaintiffs in fear of immediate harm, and acted with utter indifference as to the rights of Plaintiffs, acting as if the Plaintiffs' rights did not exist.

49.     The intentional and unlawful detention of the Plaintiffs by DEFENDANT LARIMORE was improperly motivated by ill will and actual malice, resulting in injuries.

50.     DEFENDANT LARIMORE'S conduct constitutes an act of gross negligence.

51.     Moreover, DEFENDANT LARIMORE knew prospectively and intended specifically to cause the very injuries and damages which resulted from his unjustified and inappropriate threat of force toward the Plaintiffs.  It is specifically alleged that DEFENDANT LARIMORE intended to cause substantial and permanent injury to Plaintiffs when he assaulted them unmercifully with reckless disregard.

WHEREFORE, Plaintiff claims Three Hundred Thousand Dollars ($300,000.00) compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages from the Defendants, jointly and severally, and such other and further relief to which Plaintiff may be entitled.

## COUNT VI – NEGLIGENT RETENTION

52.     Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 51 of this Complaint.

53.     That the Dorchester County Sherriff's Department, individually and through its Internal Affairs Department, negligently failed to take appropriate action to investigate DEFENDANT LARIMORE before hiring him.

54.     Due to the Dorchester County Sherriff's Department's negligence, the Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs claim Three Hundred Thousand Dollars ($300,000.00) compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages from the Defendants, jointly and severally, and such other and further relief to which Plaintiff may be entitled.

## COUNT VII – NEGLIGENT HIRING

55.     Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 54 of this Complaint.

56.     The Dorchester County Sherriff's Department and Dorchester County knew or should have known that DEFENDANT LARIMORE was violent, dangerous, dishonest, and incapable of properly performing his duties as a Dorchester County Sherriff's deputy before hiring him.

57.     The Dorchester County Sherriff's Department and Dorchester County breached their duty to Plaintiffs by hiring DEFENDANT LARIMORE, and as a direct and proximate cause of these Defendants' negligence, Plaintiffs suffered damages.

WHEREFORE, Plaintiff claims Three Hundred Thousand Dollars ($300,000.00) compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages from the Defendants, jointly and severally, and such other and further relief to which Plaintiff may be entitled.

**COUNT VIII – VIOLATION OF THE MARYLAND DECLARATION OF RIGHTS**

58.     Plaintiffs incorporate by reference herein all of the preceding allegations as stated in paragraphs 1 through 57 of this Complaint.

59.     DEFENDANT LARIMORE, by falsely arresting, falsely imprisoning, assaulting, and committing other acts against Plaintiffs, violated and deprived them of rights guaranteed to them under the Maryland Declaration of Rights, including, *inter alia*, Articles 24 and 26.

60.     That as a proximate result of DEFENDANT LARIMORE's conduct in violation of the Maryland Declaration of Rights, Plaintiffs sustained non-economic damages for the pain, suffering, humiliation, inconvenience, and embarrassment for the totality of events they were forced to endure.

WHEREFORE, Plaintiff claims Three Hundred Thousand Dollars ($300,000.00) compensatory damages, and One Million Dollars ($1,000,000.00) in punitive damages from the Defendants, jointly and severally, and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/                                                            /s/

_____          _____

Jason Perash, Esquire                               Joshua Ortega, Esquire
Bar No: 011076                                        Bar No: 10949
THE LAW OFFICE OF JASON PERASH, LCC   ORTEGA LAW, LLC
201 International Circle, Suite 230            231 E. Baltimore St., Ste. 1102
Hunt Valley, MD 21030                          Baltimore, MD 21202
Jason@PerashLaw.com                          jortega@ortegalaw.net
(P) (443) 990-1529                               (P) (443) 990-1057
(F) (410) 891-5601                               (F) (443) 274-2707
*Attorney for Plaintiffs*                         *Attorneys for the Plaintiffs*

| | | |
|---|---|---|
| JEROME MCKNIGHT<br>1033 Drew Street<br>Rocky Mount, NC 27801 | * | IN THE |
| | * | FEDERAL COURT |
| And | * | FOR |
| BRITTANY JOHNSON<br>1033 Drew Street<br>Rocky Mount, NC, 27801 | * | THE DISTRICT OF MARYLAND |
| | * | |
| And | * | Case No.: 16-1100 |
| DOROTHY JOHNSON<br>1033 Drew Street<br>Rocky Mount, NC 27801 | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| DORCHESTER COUNTY SHERIFF'S<br>DEPARTMENT, et. al | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiffs, by their undersigned attorneys, hereby demands a jury trial on all issues

raised herein.

                                                          Respectfully submitted,

        /s/                                                     /s/

_____        _____
Jason Perash, Esquire                        Joshua Ortega, Esquire
Bar No: 011076                                  Bar No: 10949
THE LAW OFFICE OF JASON PERASH, LLC    ORTEGA LAW, LLC
201 International Circle, Suite 230          231 E. Baltimore St., Ste. 1102
Hunt Valley, MD 21030                       Baltimore, MD 21202
Jason@PerashLaw.com                        jortega@ortegalaw.net
(P) (443) 990-1529                             (P) (443) 990-1057
(F) (410) 891-5601                             (F) (443) 274-2707
*Attorney for Plaintiffs*                       *Attorneys for the Plaintiffs*

13